IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,590-01






EX PARTE R. A. STROUD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-1633-04-A IN THE 114
th DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twenty years' imprisonment. He did not appeal his conviction.

 Applicant contends that he is actually innocent based on newly discovered evidence. He 
contends that he has a history of alcohol abuse and, as a result, was not able to remember the
circumstances of the offense when he pleaded guilty in 2004. He contends, however, that after he
had been sentenced, he began to remember the circumstances of the offense and realized that the
complainant could not have been under fourteen years old on the date of the offense, as alleged in
the indictment in his case. The complainant submitted a sworn affidavit in which she stated that she
was fourteen years old on the date of the offense. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall make findings of fact as to whether the allegations in the complainant's
affidavit are credible. The trial court shall then make findings of fact as to whether applicant's
alleged history of alcohol abuse adversely affected his memory of the offense at trial and, if so,
whether his present allegations constitute newly discovered evidence. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 13, 2006

Do not publish